976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl N. WILLIAMS, Plaintiff/Appellant,
v.
Governor Robert D. ORR, Indiana Parole Board, Gregory Lewis,
Patricia A. Ravinet, Harlan C. Hicks, John J.
Barton, and Ray Justak, Defendants-Appellees.
 No. 89-2515.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Sept. 16, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Williams sued the governor of Indiana, the Indiana Parole Board, and individual parole board members, in their official and individual capacities, alleging a denial of due process and equal protection during a clemency hearing. See 42 U.S.C. § 1983. We affirm the district court's dismissal under Fed.R.Civ.P. 12(b)(6) because Williams's allegations present no claim entitling him to monetary or injunctive relief. Scheuer v. Rhodes, 416 U.S. 232 (1974).
 
 
 2
 A. The Due Process and Equal Protection claims are meritless.
 
 
 3
 To prove a denial of Due Process, Williams must allege a deprivation of a liberty or a property interest. Huggins v. Isenbarger, 798 F.2d 203, 205 (7th Cir.1986). A denial of clemency deprives a prisoner of liberty or property only if state law establishes an entitlement to clemency. Id.; Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979). Such an entitlement exists when the clemency decision depends solely on the "application of rules to facts. To the extent a request appeals to discretion rather than rules, there is no protected interest." Huggins, 798 F.2d at 205.
 
 
 4
 Indiana's clemency laws vest broad discretion in the governor and the Board. See Id.; Colvin v. Bowen, 399 N.E.2d 835, 839 (Ind.App.1980). This is true even though the statute requires the officials to consider certain factors and follow specific procedures. See Ind.Code § 11-9-2-2; Huggins, 798 F.2d at 205-06. The statutory factors do not eliminate the official's discretion because the officials are free to deny clemency even if favorable factors apply to the prisoner's case. Id. The procedural requirements are similarly unimportant because liberty and property interests are "defined by the substantive criteria that guide the decision, not by the procedural trappings." Id. Indiana's substantive criteria allow considerable discretion and thus create no interest entitled to protection under the Due Process Clause.
 
 
 5
 In addition to his Due Process claim, Williams brings an Equal Protection claim, alleging that he was discriminated against because of his race and sex. He claims only that "Defendant Ravinet, whereas she being a female, she has sought discrimination of the opposite gender" and that "[d]efendant Ravinet and the other Defendants are also accuse [sic] of racial discrimination." (Appellant's brief at 16). Because these claims are unspecific and conclusory, this court cannot consider them. Although we recognize that we must liberally construe pro se submissions, this court will not speculate about Williams's potential claims or construct his potential arguments. See United States v. Papia, 910 F.2d 1357 (7th Cir.1990).
 
 
 6
 B. The Defendants Possess Immunity.
 
 
 7
 Even if Williams had raised a viable claim, he could not collect monetary relief from any of the named defendants because each defendant is immune from damages. The Parole Board and the officers in their official capacities are protected by sovereign immunity. See Kashani v. Purdue Univ., 813 F.2d 843, 848 (7th Cir.), cert. denied, 484 U.S. 846 (1987). The officers in their individual capacities possess absolute immunity[1]: the Parole Board members for "all actions taken in the course of their official duties" Walker v. Prisoner Review Bd., 790 F.2d 396, 399 (7th Cir.1985) and the governor for any judge-like functions. Mother Goose, 770 F.2d at 668; see also Butz v. Economou, 438 U.S. 478, 513 (1976). Governor Orr exercised such judge-like functions when he ruled on the merits of Williams' criminal case.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Absolute immunity is different from qualified immunity, which Williams discusses in his brief. Mother Goose Nursery Schools, Inc. v. Sendak, 770 F.2d 668, 671 (7th Cir.1985), cert. denied, 474 U.S. 1102 (1986). While qualified immunity protects only good faith infringement of unestablished rights, absolute immunity is a complete bar to liability. Id.; Walker v. Prisoner Review Bd., 790 F.2d 396, 399 (7th Cir.1985)